# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLTON L. CHANEY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 07-cv-575-MJR |
| UNITED STATES, et al., | ) ) ) |
| Respondents. | ) ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois. brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his 1997 conviction for armed bank robbery, car jacking, and possession of a firearm by a felon, which occurred in the United States District Court for the Southern District of Indiana.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the

writ of habeas corpus. A Section 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

Petitioner contends that he is one of those for whom the Section 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that Petitioner may be barred from bringing a second Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior Section 2255 motion). Instead, a petitioner under Section 2241 must demonstrate the inability of a Section 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer

a crime. To the contrary, Petitioner asserts that illegal evidence was presented at trial, specifically the unreliable testimony of an eyewitness. However, the Seventh Circuit rejected this claim, stating that "overwhelming evidence supported his convictions." *Chaney v. United States*, Appeal No. 02-3826 (7th Cir. June 14, 2004).

Therefore, Section 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 21st day of March, 2008.**

                      **s/ Michael J. Reagan**
                      **MICHAEL J. REAGAN**
                      **United States District Judge**